■ In the Matter of ROBERT M. WEICHERT, Appellant, v VILLAGE OF CENTRAL SQUARE, Respondent. (Appeal No. 1.) [625 NYS2d 777] —Judgment unanimously affirmed without costs. Memorandum: Petitioner, the holder of tax sale certificates assigned by respondent, instituted these CPLR article 78 proceedings to review respondent's tax sale procedures and to compel respondent to issue a tax deed to petitioner. Petitioner appeals from two judgments, the first of which denied his requests to annul the mortgagee's redemption of the property, for reimbursement for additional "charges", and for prejudgment interest at the rate of 1% per month as opposed to 9% per year (appeal No. 2). The second judgment denied petitioner's request for an order compelling respondent to deliver deeds to the property (appeal No. 1). Respondent cross-appeals from the first judgment insofar as it failed to dismiss the proceeding as time barred.

We conclude that the third party's redemption of the parcels was in compliance with the statute and that the court properly dismissed the petitions. The redemption was timely, occurring within 16 months of respondent's purchase of the tax sale certificates. The mortgagee properly redeemed the parcels by tendering $1,776.48, the aggregate amount recited on the face of the tax sale certificates plus interest calculated at the rate of 1% per month from the date of the tax sale (see, RPTL 1456 [2]). The redemption price did not include an amount to reimburse petitioner for his post-assignment "charges" (see, RPTL 1452 [1]; 1454 [1], [3]; 1456 [2]). Thus, the petitions were properly dismissed insofar as they sought to invalidate the redemption and compel a conveyance to petitioner. For the same reason, Supreme Court properly determined that petitioner is entitled to receive no more than $1,776.48 upon his surrender of the tax sale certificates.

The court did not err in awarding interest for the period between redemption and entry of judgment at 9% per year rather than 1% per month. Because RPTL 1456 requires the redeemer to pay the face amount of the tax sale certificate plus interest at the rate of 1% per month from the date of sale, the statute implies that the interest rate of 1% per month covers the period from the date of sale until the date of redemption. The court properly granted petitioner prejudgment interest at the statutory rate of 9% (see, CPLR 5001) to cover the period from the date of redemption, when liability arose, until the date of judgment. That approach draws an appropriate distinction between the rights of petitioner as

holder of the tax sale certificates and as judgment creditor of respondent.

We have considered the parties' remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Oswego County, Hurlbutt, J.—Article 78.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.